Alberta CHITWOOD, Claimant/Appellant,

v.

JOHN S. SWIFT CO., and Treasurer, State of Missouri, Custodian of the Second Injury Fund, Respondent.

No. 65680.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 18, 1994.

Rehearing Denied Nov. 21, 1994.

Cynthia S. Holmes, Clayton, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Maria W. Campbell, Asst. Atty. Gen., Jefferson City, for Second Injury Fund.

Before REINHARD, P.J., and CRANDALL and GARY M. GAERTNER, JJ.

## ORDER

PER CURIAM.

Claimant appeals the award of the Labor and Industrial Relations Commission (Commission) denying her claim for Second Injury Fund (SIF) benefits. On May 19, 1989, claimant was injured when, in the course of her employment as a book-binder, she caught her left foot on a skid (apparently a pallet) and tumbled onto a concrete floor. Claimant filed a claim seeking compensation from employer and the SIF in June of 1989. Her claim against employer was settled in June of 1992 for $21,000. Claimant's claim against the SIF referred to prior injuries to her hips, legs, knees, feet, back, spine, heart, circulatory system, head and body as a whole. An Administrative Law Judge (ALJ) issued an award on April 20, 1993, wherein he found

claimant had sustained a permanent total disability and was unable to compete in the open labor market as a result of the combination of pre-existing disabilities and the disabilities attributable to the May 1989 work-related injury. He ordered the SIF to pay the difference between the total disability rate and what employer was obligated to pay for the period of employer's obligation. Thereafter, the SIF was ordered to assume lifetime benefits. The Commission reversed the ALJ's award, finding that claimant's disabilities pre-existing the primary work related injuries had not been industrially disabling. We affirm. The Commission's award is supported by competent and substantial evidence on the whole record; an extended opinion would have no precedential value. The parties have been furnished with a memorandum for their information only, setting forth the reasons for this order affirming the judgment pursuant to Rule 84.16(b).